UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS M.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C20-5188-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the denial of his application for Disability Insurance Benefits. He contends the ALJ erred by discounting his testimony, failing to properly consider all severe impairments at step two, and failing to address a treating doctor's opinions. Dkt. 13. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 58 years old, has a high school education, and has worked as a database administrator. Tr. 28. He alleges disability as of March 17, 2017. Tr. 83. After conducting a hearing in November 2018, the ALJ issued a decision in January 2019 finding Plaintiff not disabled. Tr. 37-81, 15-30. In pertinent part, the ALJ found Plaintiff's tinnitus, hand/wrist

1  impairments, and other physical impairments limited him to light work with only frequent
2  handling or fingering.  Tr. 17, 21.

## DISCUSSION

**A.    Plaintiff's Testimony**

Plaintiff contends the ALJ erred by rejecting his testimony tinnitus that caused difficulty hearing, concentrating, and multitasking.  *See* Tr. 246, 251, 46-47.  The ALJ rejected plaintiff's testimony about hearing problems based on July 2017 treatment notes reporting normal speech discrimination and only mild hearing loss at high frequencies. Tr. 24 (citing Tr. 405, 483). Plaintiff argues the ALJ erred by failing to address September 2018 auditory testing showing normal hearing at 250 to 2000 Hz frequencies but "mild to moderately-severe" hearing loss at higher 3000 to 8000 Hz frequencies, and 76 percent word recognition at 65dB.  Tr. 672-74. Plaintiff asserts these test results reflect "worsening" but fails to establish how the results differ meaningfully from the July 2017 treatment records the ALJ cited.  Dkt. 15 at 2.

Moreover, "as a lay person, an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'"  *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)); *see also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (The ALJ, "who was not qualified as a medical expert, should not have gone outside the record to medical textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition.").  As there is no medical opinion establishing the September test results contradict the July treatment notes, the ALJ cannot be tasked with drawing his own personal conclusions from the raw auditory testing data, as Plaintiff's argument suggests.  Plaintiff bears the burden of establishing the ALJ erred and fails to meet this burden. The Court thus declines to find the ALJ erred.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

1    The ALJ also discounted Plaintiff's testimony he was sensitive to noise because he
2 attended a concert in November 2018.  Tr. 24.  Plaintiff argues the ALJ erred because the ALJ
3 "never asked about the volume level of the concert, whether he wore ear protection, or even
4 whether he was able to stay for the entirety of the event." Dkt. 13 at 8.  However, the Court
5 cannot say it was unreasonable for the ALJ to infer that attending a concert involved loud noise
6 that Plaintiff listened to voluntarily.  *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190,
7 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences
8 reasonably drawn from the record.").  An inconsistency between a claimant's testimony and the
9 record is a clear and convincing reason to discount Plaintiff's testimony of hearing deficits.

10   The ALJ further discounted Plaintiff's testimony of concentration difficulty because the
11 record showed intact memory and attention.  Tr. 24.  Even in treatment notes Plaintiff points to,
12 attention, concentration, and memory were normal.  Tr. 557, 579, 582.  Plaintiff argues his
13 symptoms worsen throughout the day and with mental effort, but even a four-hour testing session
14 revealed intact immediate, recent, and remote memory.  Tr. 469.  Again, inconsistency with the
15 record is a clear and convincing reason to discount Plaintiff's testimony of disabling
16 concentration difficulty.

17   Finally, the ALJ discounted Plaintiff's testimony based on inconsistency with his
18 activities but failed to explain how any of the activities contradict his testimony.  Tr. 24-25.
19 Assuming the ALJ erred in doing so, the error is harmless because as noted above the ALJ
20 provided other valid reasons supported by substantial evidence to discount Plaintiff's testimony.
21 *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).  The Court
22 accordingly affirms the ALJ's rejection of Plaintiff's testimony as to the severity of his
23 limitations

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

**B.      Step Two Severe Impairments**

Plaintiff contends the ALJ erroneously failed to include hearing loss, cervical radiculopathy causing right arm weakness, and left ankle osteoarthritis as severe impairments at step two, and the error was harmful because it resulted in a RFC determination that failed to account for all limitations.  Any error at step two is harmless if the ALJ considered the functional limitations caused by the impairments later in the decision.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  As discussed above, the ALJ considered evidence of hearing loss and properly rejected Plaintiff's testimony about the severity of this limitation.

The ALJ also discounted Plaintiff's November 2018 testimony that his right arm was "useless" as inconsistent with 2017 treatment notes showing full strength.  Tr. 56, 22 (citing Tr. 719, 436).  Plaintiff argues the 2017 records are not relevant because he reported right arm weakness beginning August 2018.  *See* Tr. 718.  Indeed, one of the records the ALJ cited, from a November 2018 treatment note, documents strength in the right deltoid of zero out of 5, and 2 out of 5 in the right biceps and triceps.  Tr. 722.

However, as the ALJ noted, Plaintiff testified he had surgery scheduled for December 2018 to address the arm weakness, with recovery expected to take two to six months.  Tr. 55; *but see* Tr. 725 ("an expected 6 week recovery time").  The ALJ's decision concluded Plaintiff was not disabled through January 29, 2019.  Arm weakness beginning August 2018 would not have lasted or been expected to last 12 months, and thus did not meet the durational requirement for Social Security disability.  *See* 20 C.F.R. § 404.1505(a).  The Court cannot say the ALJ's assessment of Plaintiff's right arm weakness is unreasonable and thus cannot overturn the ALJ's determination.

1   Plaintiff contends he was fitted for custom orthotics and an ankle brace but identifies no

2 evidence left ankle osteoarthritis caused any functional limitations not accounted for in the RFC.

3 Additionally, in his testimony and Function Report, Plaintiff did not claim any ankle

4 impairments.  *See* Tr. 246-53, 42-70.  Plaintiff has accordingly failed to meet his burden to show

5 the ALJ erred.

6   The Court accordingly concludes the ALJ did not harmfully err by failing to include

7 hearing loss, cervical radiculopathy, and left ankle osteoarthritis as severe impairments at step

8 two.

9 **C.     Treating Physician Carleton Keck, M.D.**

10   Plaintiff contends the ALJ erroneously failed to address opinions Dr. Keck provided in a

11 questionnaire about plaintiff's diagnoses and functional limitations. The doctor opined Plaintiff

12 could handle, finger, and feel frequently; he could lift 5 to 10 pounds with the left arm and 15 to

13 20 pounds with the right arm; he required as-needed use of a wrist splint; and that returning to

14 full-time work "certainly may" exacerbate plaintiff's symptoms.  Tr. 659.

15   It is the ALJ's duty, to determine credibility, resolve conflicts in the testimony, and

16 resolve ambiguities in the record.  *Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1098 (9th

17 Cir. 2014). The Court "reviews only the reasons provided by the ALJ in the disability decision

18 and may not affirm the ALJ on a ground upon which he did not rely."  *Orn v. Astrue*, 495 F.3d

19 625, 630 (9th Cir. 2007). The decision on disability rests with the ALJ and the Commissioner in

20 the first instance, not with a district court.  *See* 20 C.F.R. § 404.1527(d)(1)–(3).

21   Here, the ALJ did not mention Dr. Keck's opinions and thus there is no basis to conclude

22 the ALJ considered the doctor's opinions. Dr. Keck, who has treated Plaintiff for ten years,

23 rendered opinions about plaintiff's lifting strength, ability to handle, finger and feel frequently

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 5

and need for a wrist splint. Although the ALJ did not discuss these limitations, the RFC determination similarly limits Plaintiff to lifting 20 pounds and frequent handling or feeling, consistent with Dr. Keck's opinions. Dr. Keck's opinion about Plaintiff's limitations also appears to take into account the need for a wrist splint, i.e., Plaintiff can lift, handle and finger with the splint. On its face, there is nothing showing the use of wrist splints are an additional limitation. Indeed, Plaintiff offers no evidence that wearing a wrist splint would cause additional limitations not assessed in the RFC.

However, the RFC determination does not account for Dr. Keck's opinion that returning to fulltime work "certainly may" exacerbate Plaintiff's symptoms. The ALJ's failure to address this opinion is not inconsequential. Dr. Keck rendered an opinion about Plaintiff's functional ability to lift, handle and finger while he was not working and stated his symptoms "certainly may" get worse if he engaged in fulltime work. The RFC does not account for this exacerbation. However, citing *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 691-92 (9th Cir. 2009), the Commissioner argues Dr. Keck's opinion is equivocal and the term "may" exacerbate symptoms is not a functional limitation, and thus the ALJ did not err by excluding it from the RFC. Dkt. 14, at 9.

The Commissioner's argument fails for several reasons. First, this Court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006); *see also Marsh v. Colvin,* 792 F.3d 1170, 1172 (9th Cir. 2015) (a district court may not find harmless error by "affirm[ing] the agency on a ground not invoked by the ALJ"). The ALJ did not assess Dr. Keck's opinions and thus did not discount the doctor's opinions based upon the post hoc arguments proffered by the Commissioner. The Court accordingly cannot rely upon the

Commissioner's arguments and declines to play ALJ on review and make independent findings on its own as to this portion of Dr. Keck's opinion.

Second, the *Valentine* decision does not support the Commissioner's position. In that case Valentine argued the ALJ erred in failing to assess cognitive limitations Dr. Storzbach assessed. However, the Ninth Circuit noted that the limitation at issue

> "appeared in a section of Dr. Storzbach's report entitled 'Recommendations. Nowhere in this section does Dr. Storzbach indicate that Valentine is incapable of working except under the recommended conditions. Indeed, he pointed out that Valentine's "mostly normal test performance with multiple cognitive strengths suggests that [he] is capable of at least partially compensating for his deficits." Thus, we agree with the SSA that Dr. Storzbach's observation about "highly routinized, overlearned tasks with low cognitive demand is neither a diagnosis nor statement of Valentine's functional capacity. It is rather a recommended way for Valentine to cope with his PTSD symptoms. The ALJ therefore did not err by excluding it from the RFC.

*Valentine,* 574 F.3d. at 691-92.  In contrast, Dr. Keck provided opinions about Plaintiff's functional limitations, and did not couch them as merely recommendations. Further unlike Dr. Storzbach's report, Dr. Keck's opinions do not contain contradictory findings undercutting the "certainly may" exacerbate portion of the medical opinion.

Additionally, the language Dr. Keck utilized cannot reasonably be construed as a hazy or equivocal comment that need not be addressed and involves no limitation. Dr. Keck stated full time work "certainly may," a phrase that indicates engaging in fulltime work activity will worsen Plaintiff's symptoms. The ALJ did not assess how much worse Plaintiff's symptoms would be if he engaged in fulltime work, and whether the worsening would render him disabled or not. However, to the extent this ambiguity exists, the ALJ had a duty to further develop the record on this point, not disregard it. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 7

The Court accordingly concludes the ALJ harmfully erred in failing to assess Dr. Keck's opinion that returning to fulltime work certainly may exacerbate Plaintiff's symptoms. On remand the ALJ shall further develop the record on this point and assess Dr. Keck's opinion regarding exacerbation of symptoms.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall reassess Dr. Keck's opinion that return to fulltime work clearly may exacerbate plaintiff's symptoms, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 28th day of September, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge